[No. B246670. Second Dist., Div. Five. Mar. 6, 2014.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD GARCIA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for
publication with the exception of Discussion parts B.–D.

520

## COUNSEL

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Michael C. Keller and Tannaz Kouhpainezhad, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MOSK, J.—**

## INTRODUCTION

Defendant and appellant Richard Garcia (defendant) was convicted of shooting a firearm in a grossly negligent manner (Pen. Code, § 246.3, subd. (a)).[1] The jury found true allegations that defendant personally used a firearm in violation of section 12022.5, subdivisions (a) and (d), the crime was gang related within the meaning of section 186.22, subdivision (b), and defendant had two prior convictions within the meaning of section 667.5, subdivision (b).

■ We hold that, as defendant contends and the Attorney General concedes, the commission of the predicate offenses of other gang members were not within three years of each other as required by section 186.22, subdivision (e). We also hold that because the jury was not instructed that a predicate offense may be proved by the commission of a crime, defendant's alleged commission of a crime cannot serve as a predicate offense for the gang enhancement. We therefore reverse the true finding on the gang enhancement allegation, and apart from certain sentencing errors discussed in the unpublished portion of this opinion, we otherwise affirm the judgment of conviction.

## PROCEDURAL BACKGROUND[2]

Following trial, the jury found defendant guilty on count 4, shooting a firearm in a grossly negligent manner in violation of section 246.3, subdivision (a). The jury found true the allegations that defendant personally used a firearm, to wit, a semiautomatic firearm in violation of section 12022.5, subdivisions (a) and (d), and that the crime was committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members within the meaning of section 186.22, subdivision (b)(1)(A) through (C). The jury found defendant not guilty of the remaining three counts—counts 1 through 3—each for assault with a semiautomatic firearm in violation of section 245, subdivision (b). In a bifurcated proceeding, the jury found true the allegation that defendant suffered two prior convictions for felony vandalism (§ 594, subd. (a)) within the meaning of section 667.5, subdivision (b).

---

[1] All statutory citations are to the Penal Code.

[2] Except as discussed below, defendant does not challenge the factual basis for his conviction. We therefore do not set forth the facts.

The trial court denied probation and sentenced defendant to state prison for a term of nine years, consisting of the upper term of three years on count 4; five years pursuant to section 186.22, subdivision (b)(1)(A) through (C); and one year for one of his prior convictions under section 667.5, subdivision (b). Pursuant to section 654, the trial court stayed the sentence imposed on the other prior convictions and the firearm use enhancement. The trial court ordered defendant to pay various fines and assessments and awarded defendant 840 days of custody credit consisting of 420 days of actual custody credit and 420 days of conduct credit.

## DISCUSSION

### A. Lack of Substantial Evidence in Support of the Gang Enhancement

There was evidence, video and eyewitnesses, that defendant fired a weapon in the direction of rival gang members. Defendant contends that there was insufficient evidence to prove that he committed the crime for which he was convicted with the specific intent to promote, further, or assist in any criminal conduct by gang members. Defendant argues that the prosecution failed to produce evidence that two or more members of the "Lil Watts" gang, of which he allegedly was a member, had committed any of the enumerated felonies, for which they were convicted, within a three-year period of each other, as required under section 186.22, subdivision (e). Defendant also argues that the jury's true finding regarding the gang enhancement could not be supported by proof of the "commission" of one or more of alleged predicate offenses because the jury was instructed only that the person must have been "convicted" of the offense.

### 1. Standard of Review and Applicable Law

Defendant challenges the sufficiency of the evidence to support the jury's gang enhancement finding. Our Supreme Court has held, " 'In considering a challenge to the sufficiency of the evidence to support an enhancement, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] We presume every fact in support of the judgment the trier of fact could have reasonably deduced from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding. [Citation.] "A reviewing court neither reweighs evidence nor reevaluates a witness's credibility." [Citation.]' [Citation.]"

(*People v. Livingston* (2012) 53 Cal.4th 1145, 1170 [140 Cal.Rptr.3d 139, 274 P.3d 1132].) The relevant facts must, however, meet the statutory requirements for a gang enhancement in order for it to apply. (See *People v. Godinez* (1993) 17 Cal.App.4th 1363, 1370 [22 Cal.Rptr.2d 164], disapproved on another ground in *People v. Russo* (2001) 25 Cal.4th 1124, 1134 [108 Cal.Rptr.2d 436, 25 P.3d 641].)

■ Section 186.22, subdivision (b)(1) provides for a sentence enhancement for "any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members . . . ." A " 'criminal street gang' means any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in paragraphs (1) to (25), inclusive, or (31) to (33), inclusive, of subdivision (e), having a common name or common identifying sign or symbol, and whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity." (§ 186.22, subd. (f).) Section 186.22, subdivision (e) defines a "pattern of criminal gang activity" as "the commission of, attempted commission of, conspiracy to commit, or solicitation of, sustained juvenile petition for, or conviction of two or more of the [offenses enumerated in subdivision (e)], provided at least one of these offenses occurred after the effective date of this chapter and the last of those offenses occurred within three years after a prior offense, and the offenses were committed on separate occasions, or by two or more persons . . . ."

### 2.  *Background Facts*

Hawthorne Police Department Detective Keith Chaffin, the prosecution's gang expert, testified that defendant had admitted to being a Lil Watts gang member on several prior occasions, had numerous tattoos consistent with membership in the Lil Watts gang, and that defendant's gang moniker was "Sharkey." Detective Chaffin opined that defendant was a member of the Lil Watts gang. Detective Chaffin testified as to the Lil Watts gang's territory, primary activities, and general gang culture.

Detective Chaffin testified that Nicolas Rendon and Christopher Delfosse also were known Lil Watts gang members. The trial court admitted certified records into evidence showing that on October 26, 2009, Rendon was convicted of, inter alia, one count of possession of a firearm (former § 12021, subd. (a)(1)), for a criminal act that he committed on July 30, 2009. The trial court also admitted into evidence certified records showing that between

September and October 2005,[3] Delfosse was convicted of assault with a firearm (§ 245, subd. (a)(1)), for a criminal act that he committed on April 29, 2004.

### 3. *Analysis*

■ Section 186.22, subdivision (e) provides that a pattern of criminal gang activity is "the commission of, attempted commission of, conspiracy to commit, or solicitation of, sustained juvenile petition for, or conviction of two or more of the" offenses enumerated in subdivision (e). Because section 186.22, subdivision (e) contains both the options of "commission" or "conviction," the statute expressly does not require that the offense necessarily result in a conviction. (*In re Leland D.* (1990) 223 Cal.App.3d 251, 258 [272 Cal.Rptr. 709] ["Although the statute does not require proof of convictions, it does require proof that the offenses were committed."]; *In re I. M.* (2005) 125 Cal.App.4th 1195, 1207–1208 [23 Cal.Rptr.3d 375] [evidence that a gang member was prosecuted for an offense, without a showing that he was convicted, was sufficient evidence of "commission" of predicate offense for pattern of criminal gang activity].)

The trial court instructed the jury with a modified version of CALCRIM No. 1401 concerning whether a crime was committed for the benefit of a criminal street gang. That jury instruction as written, however, did not state that the predicate offenses may be proven merely by evidence of the "commission" of one or more of those offenses. Instead, the jury instruction stated that, "A *pattern of criminal gang activity*, as used here, means: [¶] [the] conviction of: [¶] [A]ny combination of two or more of the following crimes: Assault with a deadly weapon (Penal Code Section 245) and prohibited possession of a firearm (Penal Code Section 12021)." The trial court deleted the alternative language in CALCRIM No. 1401 (as set forth in § 186.22, subd. (e)) that the jury may consider the commission of, attempted commission of, conspiracy to commit, or solicitation to commit the predicate offenses.

■ The trial court's oral reading to the jury of revised CALCRIM No. 1401 differed slightly from the revised written version of CALCRIM No. 1401. The trial court did not state that there must have been a conviction of the predicate offenses. The trial court stated, "The term, 'pattern of criminal gang activity,' used herein means" any two or more of the predicate crimes. Arguably, the mere "commission" of these crimes would be sufficient under the trial court's oral reading of the jury instruction. However, " '[t]o the

---

[3] The page of the certified record relating to Delfosse showing the exact date of his conviction is not in the record.

extent a discrepancy exists between the written and oral versions of jury instructions, the written instructions provided to the jury will control.' [Citation.]" (*People v. Mills* (2010) 48 Cal.4th 158, 201 [106 Cal.Rptr.3d 153, 226 P.3d 276].) Thus, the trial court erroneously instructed the jury that a conviction was necessary to establish a predicate offense.

The Attorney General agrees with defendant that the crimes for which Delfosse and Rendon did not occur, as is required by section 186.22, subdivision (e), within three years of each other to establish a pattern of criminal gang activity. The Attorney General contends, however, that there is substantial evidence that in November 2011, defendant committed the three charged offenses on which he was acquitted in November, 2012—assault with a semiautomatic firearm (§ 245, subd. (b); counts 1–3)—and that his commission of those offenses could be used in conjunction with Rendon's commission of the offense leading to his 2009 conviction to satisfy the predicate offenses requirement under section 186.22, subdivision (e). We disagree with the Attorney General.

The jury was not instructed that the predicate offenses could be proved merely by evidence of the "commission" of one of more of those offenses. That is, the element of the "commission" of a predicate crime was not presented to the jury. Defendant's purported commission of a crime, therefore, could not have been used by the jury as one of the predicate offenses to satisfy the predicate offense requirement under section 186.22, subdivision (e). (*People v. Kunkin* (1973) 9 Cal.3d 245, 251 [107 Cal.Rptr. 184, 507 P.2d 1392] ["We, of course, cannot look to legal theories not before the jury in seeking to reconcile a jury verdict with the substantial evidence rule."]; *People v. Smith* (1984) 155 Cal.App.3d 1103, 1145 [203 Cal.Rptr. 196] ["It would deprive the defendant of his right to a jury trial if an appellate court could [affirm a conviction] on a theory not presented to the jury . . . ."].)

The Attorney General also contends that defendant was "convicted" of shooting a firearm in a grossly negligent manner and that conviction qualifies as one of the predicate offenses under section 186.22, subdivision (e)(23). The Attorney General is incorrect.

At the time defendant committed the charged offenses in this case, section 186.22, subdivision (e)(23) described the offense of "[p]ossession of a pistol, revolver, or other firearm capable of being concealed upon the person in violation of paragraph (1) of subdivision (a) of Section 12101." Former section 12101, subdivision (a)(1) provided that a minor could not possess a pistol, revolver, or other firearm capable of being concealed upon one's person. There is no evidence in the record that defendant was a minor. There is no evidence in the record therefore that defendant came within the

provisions of former section 12101, subdivision (a)(1), so as to be covered by section 186.22, subdivision (e)(23).

Also, the trial court instructed the jury that the offenses on which the gang members must have been convicted in order to prove the pattern of criminal gang activity were assault with a deadly weapon (§ 245) and possession of a firearm (former § 12021). It did not instruct the jury that a conviction for shooting a firearm in a grossly negligent manner in violation of section 246.3, subdivision (a) could be considered in proving a pattern of criminal gang activity.

Accordingly, for the reasons stated above, there was insufficient evidence to support the gang enhancement.[4] This conclusion is the equivalent of an acquittal. Defendant, therefore, may not be retried on the gang enhancement. (See *People v. Seel* (2004) 34 Cal.4th 535, 545–550 [21 Cal.Rptr.3d 179, 100 P.3d 870].)

B.–D.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The true finding on the gang enhancement allegation is reversed. The section 12022.5 firearm enhancement and the section 667.5 enhancement arising from case number NA076159 are ordered stricken. The abstract of judgment is ordered modified to reflect these changes. The superior court clerk is instructed to prepare the amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation. In all other respects, the judgment of conviction is affirmed.

Turner, P. J., and Mink, J.,[†] concurred.

A petition for a rehearing was denied March 21, 2014, and the opinion was modified to read as printed above.

---

[4] We do not have to decide if principles concerning inconsistent verdicts would affect whether criminal offenses for which defendant was charged, but acquitted, can serve as the basis for predicate offenses under section 186.22, subdivision (e).

[*]See footnote, *ante*, page 519.

[†]Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.